IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERACTIVE TRACKING SYSTEMS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARTAFACT, LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil Action <br> No. 08-cv-10101-EFH |

**ANSWER AND COUNTERCLAIM OF
DEFENDANT ARTAFACT, LLC**

Artafact, LLC ("Artafact") by and through its undersigned counsel, answers the Complaint of Plaintiff Interactive Tracking Systems, Inc. ("Itracks") and counterclaims for a declaration of noninfringement, unenforceability and/or invalidity against Itracks as follows. Unless indicated differently, each paragraph below corresponds with the paragraph of the Complaint bearing the same number. To the extent any unnumbered captions or headings in the Complaint are treated as allegations, such captions and headings are hereby denied.

**THE PARTIES**

1. Artafact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and on that basis denies those allegations.

2. Artafact admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which no answer is required. To the extent any factual allegations are made, Artafact denies those allegations.

4. Paragraph 4 contains legal conclusions to which no answer is required. To the extent any factual allegations are made, Artafact denies those allegations.

5. Artafact denies the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent any factual allegations are made, Artafact denies those allegations.

## FACTUAL BACKGROUND

7. Artafact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and on that basis denies those allegations.

8. Artafact admits that U.S. Patent No. 6,256,663 ("the '663 Patent") speaks for itself. Artafact lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and on that basis denies those allegations.

9. Artafact admits that the '663 Patent in all respects speaks for itself, but denies that the '633 Patent was duly issued or is valid and enforceable. Artafact is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 9 of the Complaint and on that basis denies those allegations.

## COUNT ONE
### (Infringement of '663 Patent)

10. Artafact incorporates by reference its answers to the allegations of Paragraphs 1 through 9 as though fully set forth herein.

11. Artafact denies the allegations contained in Paragraph 11 of the Complaint.

12. Artafact denies the allegations contained in Paragraph 12 of the Complaint.

13. Artafact denies the allegations contained in Paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Invalidity)

14. Each claim of the '663 Patent is invalid because it fails to meet the conditions for patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. §§ 102 and 103 and for failing to meet the requirements of 35 U.S.C. § 112. The preceding allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### Second Affirmative Defense

### (Noninfringement)

15. No valid claim of the '663 patent is or has been infringed by any product, method, process, machine, or manufacture that Artafact makes, uses or sells, or has caused to be made, used or sold, either directly, contributorily, or by inducement.

### Third Affirmative Defense

### (Improper Notice)

16. Itracks is barred in whole or in part from recovering damages by operation of 35 U.S.C. § 287. The preceding allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

### Fourth Affirmative Defense

### (Inequitable Conduct)

17. The '663 patent is unenforceable as it was obtained as a result of fraud and inequitable conduct arising from failures to disclose material information and the making of

material misstatements to the United States Patent and Trademark Office ("PTO"), with the intent to deceive. The preceding allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## **Fifth Affirmative Defense**
### **(Improper or Inconvenient Venue)**

18. Venue is improper in this District under 28 U.S.C. § 1391(a), and the action should be transferred for convenience under 28 U.S.C § 1404(a).

19. Artafact does not reside in this District. Artafact is a California limited liability company with its principal place of business in Fremont, California. It maintains no offices in Massachusetts and has no contact with the District.

20. Itracks does not reside in this District. On information and belief, and as stated in its Complaint, Itracks is a Canadian corporation with its principal place of business located in Saskatoon, Saskatchewan, Canada, and it maintains an office in Fairfield Connecticut, through Itracks, International, Inc.

21. None of the acts alleged in the Complaint and Counterclaim occurred in this District.

22. All witnesses and documents relevant to this action are therefore likely to lie outside this District.

23. A more appropriate venue exists in the Northern District of California where Artafact has its principal place of business and where the primary witnesses and documents are located. Thus, the case should be transferred for convenience.

## **Sixth Affirmative Defense**
### **(Failure To State A Claim)**

24. The Complaint fails to state a claim upon which relief may be granted.

### **Seventh Affirmative Defense**

### **(Laches)**

25.     The Plaintiff's claims are barred by the doctrine of laches.

### **Eighth Affirmative Defense**

### **(Estoppel)**

26.     The Plaintiff's claims are barred by the doctrine of estoppel.

### **COUNTERCLAIM FOR DECLARATORY JUDGMENT**

For its counterclaim in this action, Defendant/Counterclaimant Artafact alleges as follows:

### **JURISDICTION**

1.     This Court has jurisdiction over this counterclaim pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq,* and 28 U.S.C. § 1338(a).

### **THE PARTIES**

2.     Artafact is a California limited liability company having its principal place of business in Fremont, California.

3.     On information and belief, and as stated in its Complaint, Itracks is a Canadian corporation with its principal place of business located in Saskatoon, Saskatchewan, Canada, and it maintains an office in Fairfield Connecticut, through Itracks, International, Inc.

### **FIRST COUNTERCLAIM FOR RELIEF**
### **(Declaratory Relief of Patent Invalidity)**

4.     Artafact re-alleges and incorporates by reference the allegations of Paragraphs 1 through 3 of this Counterclaim as though fully set forth herein.

5378141v1

5. An actual and justiciable controversy has arisen and now exists between Artafact and Itracks concerning whether the '663 Patent is valid.

6. By its Complaint, Itracks has asserted that the '663 Patent is valid and has asserted a purported claim alleging infringement of the '663 Patent by Artafact.

7. Artafact has denied Itracks' claim of infringement and has asserted that the '663 Patent is invalid for failure to comply with one or more provisions of the Patent Laws of the United States.

8. Absent a declaration the '663 Patent is invalid, Itracks will continue to wrongfully assert the '663 Patent against Artafact in violation of the laws and contrary to the public policy of the United States, and will thereby continue to cause Artafact irreparable injury and damage.

9. Because the above activities and actions have created an actual and justiciable controversy, Artafact seeks a declaration that the '663 Patent is invalid under Title 35 of the United States Code.

## SECOND COUNTERCLAIM FOR RELIEF
### (Declaratory Relief of Patent Non-Infringement)

10. Artafact re-alleges and incorporates by reference the allegations of Paragraphs 1 through 9 of this Counterclaim as though fully set forth herein.

11. An actual and justiciable controversy has arisen and now exists between Artafact and Itracks concerning whether any of Artafact's accused products infringe any rights Itracks claims to have under the '663 Patent.

12. By its Complaint, Itracks has asserted a purported claim alleging infringement of the '663 Patent by Artafact.

5378141v1

13. Artafact has denied Itracks' claim of infringement. Artafact has not infringed, contributorially infringed, or induced the infringement of, any of the claims of the '663 Patent.

14. Because the above activities and actions have created an actual and justiciable controversy, Artafact seeks a declaration that none of its accused products infringe the '663 Patent.

## THIRD COUNTERCLAIM FOR RELIEF
### (Declaratory Relief of Patent Unenforceability)

15. Artafact re-alleges and incorporates by reference the allegations of Paragraphs 1 through 14 of this Counterclaim as though fully set forth herein.

16. An actual and justiciable controversy has arisen and now exists between Artafact and Itracks concerning whether the '663 Patent is enforceable.

17. By its Complaint, Itracks has asserted that the '663 Patent is enforceable and has asserted a purported claim alleging infringement of the '663 Patent by Artafact.

18. Artafact has denied Itracks' claim of infringement and has asserted that the '663 Patent is unenforceable as it was obtained as a result of fraud and inequitable conduct arising from failures to disclose material information and the making of material misstatements to the United States Patent and Trademark Office, with the intent to deceive.

19. Because the above activities and actions have created an actual and justiciable controversy, Artafact seeks a declaration that the '663 Patent is unenforceable.

20. Artafact reserves the right to plead additional counterclaims in accordance with the Federal Rules of Civil Procedure as additional facts become known.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant Artafact prays for relief as follows:

(a) That all requested relief in Plaintiff Itracks' Complaint be denied and that the Complaint be dismissed with prejudice;

(b) For a judicial determination and a declaration that the '663 Patent is invalid and unenforceable, and that Artafact has not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '663 Patent;

(c) For a judicial determination that this case is "exceptional" within the meaning of 35 U.S.C. § 285; and

(d) That Artafact be awarded its costs of suit and reasonable attorney's fees under 35 U.S.C. § 285 and any other applicable law; and

(e) For all such other and further relief as this Court may deem just and proper under the circumstances.

ARTAFACT, LLC,

By its attorneys,

Dated: May 20, 2008

    /s/ Julie A. Frohlich
Julie A. Frohlich (BBO #554707)
GOULSTON & STORRS
A Professional Corporation
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776

-8-

## CERTIFICATE OF SERVICE

  I, Julie A. Frohlich, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and, additionally, that a paper copy has been delivered by hand on May 20, 2008 to:

  John R. Bauer, Esq.
  ROBINSON & COLE LLP
  One Boston Place, 25th Floor
  Boston, MA 02108-4404
  (617) 557-5900

           /s/ Julie A. Frohlich
           Julie A. Frohlich

-9-