IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

INTERACTIVE TRACKING SYSTEMS, INC.,

        Plaintiff,

vs.

ARTAFACT, LLC,

        Defendant.

---

CIVIL ACTION NO.: 08-10101-EFH

### REPLY TO ARTAFACT, LLC'S COUNTERCLAIMS

Interactive Tracking Systems, Inc. ("ITracks") hereby responds to the Counterclaims of Defendant Artafact, LLC ("Artafact") as follows:

### JURISDICTION

1. Paragraph 1 states legal conclusions to which no response is required.

### THE PARTIES

2. ITracks is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2.

3. ITracks admits the allegations in Paragraph 3.

### FIRST COUNTERCLAIM FOR RELIEF
**(Declaratory Relief of Patent Invalidity)**

4. ITracks realleges and incorporates by reference the responses to Paragraphs 1 through 3.

5. Paragraph 5 states legal conclusions to which no response is required.

6. ITracks states that its Complaint against Artafact in this action speaks for itself.

7. ITracks admits that Artafact has denied ITracks' claim of infringement and that Artafact has asserted that U.S. Patent No. 6,256,663 ("the '663 patent") is invalid.

8. ITracks denies the allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required.

## SECOND COUNTERCLAIM FOR RELIEF
**(Declaratory Relief of Patent Non-Infringement)**

10. ITracks realleges and incorporates by reference the responses to Paragraphs 1 through 9.

11. Paragraph 11 states legal conclusions to which no response is required.

12. ITracks states that its Complaint against Artafact in this action speaks for itself.

13. ITracks admits that Artafact has denied ITracks' claim of infringement. ITracks denies the remaining allegations in Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required.

## THIRD COUNTERCLAIM FOR RELIEF
**(Declaratory Relief of Patent Unenforceability)**

15. ITracks realleges and incorporates by reference the responses to Paragraphs 1 through 14.

16. Paragraph 16 states legal conclusions to which no response is required

17. ITracks states that its Complaint against Artafact in this action speaks for itself.

18. ITracks admits that Artafact has denied ITracks' claims of infringement and has asserted that the '663 patent is unenforceable. ITracks denies the remaining allegations in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required.

20. Paragraph 20 states no allegations to which a response is required.

## AFFIRMATIVE DEFENSES

ITracks presents the following affirmative defenses.

### First Affirmative Defense

Artafact fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Artafact's claims are barred by the doctrines of laches, estoppel and/or waiver.

### PRAYER FOR RELIEF

**WHEREFORE**, ITracks respectfully requests that the Court grant it the following relief:

(a) Enter judgment in favor of ITracks on Counts One through Three of Artafact's Counterclaims;

(b) Determine and declare that the '663 patent is valid and enforceable and that Artafact has infringed, contributed to the infringement of, or induced the infringement of the '663 patent;

(c) Determine that this case is "exceptional" within the meaning of 35 U.S.C. §285;

(d) Award ITracks its costs and reasonable attorneys' fees pursuant to 35 U.S.C. §285 and any other applicable law; and

(d) Award ITracks such other relief as the Court may deem just and appropriate.

Respectfully submitted,

**INTERACTIVE TRACKING SYSTEMS, INC.**

By its attorneys:

*/s/ John R. Bauer*
John R. Bauer (BBO #630742)
Nancy M. Cremins (BBO# 658932)
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA  02108-4404
(617) 557-5900

Dated: June 9, 2008

**CERTIFICATE OF SERVICE**

In accordance with Local Rule 5.2(b), I, Nancy M. Cremins, hereby certify that this document filed through the ECF system on June 9, 2008 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ John R. Bauer*
John R. Bauer